UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SIXING LIU,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil Action No. 17-7041 (SRC)<br><br>MEMORANDUM AND ORDER |

This matter has been opened to the Court by Petitioner's filing of a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Pending before the Court is Petitioner's "Motion to request for legal materials necessary to pursue collateral appellate review under 28 U.S.C. § 2255; Request for a standard form of § 2255; Request for equitable tolling of the limitations period."[1] (ECF No. 2.) Also pending is Petitioner's Motion seeking "reconsideration" of this Court's Order granting Respondent an extension of time to submit a response to his Motion (ECF No. 11), and a Motion seeking a ruling on the Motion for legal materials and equitable tolling. (ECF No. 17.) At this time, Petitioner's Motion seeking a ruling on his prior motions is GRANTED. For the reasons explained below, his Motion for legal materials and equitable tolling is DENIED WITHOUT PREJUDICE, and the Motion for "reconsideration" is DENIED WITH PREJUDICE.

---

[1] Petitioner initially filed his Motion for legal materials and equitable tolling in a related case. The Court previously denied his request for the standard § 2255 form as moot and re-docketed the motion in the instant habeas action. (*See* Civ. Act. No. 16-3851.)

1

As explained in the Court's prior Order, Petitioner received the required notice pursuant to *United States v. Miller*, 197 F.3d 644, 652 (3d Cir. 1999);[2] however, in his § 2255 motion and his pending motion for legal materials and equitable tolling, Petitioner contends that his lack of access to his legal materials may prevent him from asserting all claims in the instant habeas petition and also appears to ask the Court to grant equitable tolling to bring additional claims for relief. On March 6, 2018, the Court directed Respondent to respond to Petitioner's motion. (ECF No. 5.) Respondent sought and received an extension of time to file a response. (*See* ECF Nos. 8-9.) On May 10, 2018, Petitioner sought "reconsideration" of the Court's Order granting the extension. (ECF No. 11.) Respondent filed a response on May 21, 2018. (ECF No. 12.) Petitioner filed a reply to the Motion on June 20, 2018. (ECF No. 14.) On November 23, 2018, Petitioner filed a Motion seeking a ruling on his prior motions. (*See* ECF No. 17.)

The Court provides the following relevant background. On or about September 26, 2012, a jury found Petitioner guilty of exporting defense technical data without a license, stealing trade secrets related to weapons systems, transporting stolen goods in interstate commerce, and making false statements to law enforcement agents. (Crim Act. No. 11-208, ECF Nos. 118, 121).

On or about March 25, 2013, this Court sentenced Petitioner to 70 months imprisonment. On or about March 26, 2013, the Court entered a Judgment of Conviction. (Crim. ECF No. 137). On or about April 1, 2013, Petitioner filed a notice of appeal through his trial counsel. (Third Cir. App. No. 13-1940; Crim. ECF No. 136.) Petitioner then moved to proceed with his appeal pro se, and the Third Circuit granted the motion on or about June 6, 2014. *See id.*

---

[2] In his reply to the motion for legal materials, Petitioner asserts that he has never been notified of his rights under *Miller*. (ECF No. 14, Reply at 8.) To the contrary, the § 2255 form submitted by Petitioner provides the *Miller* notice, and Petitioner has signed that portion of the form, albeit with his clarification that he wishes to present additional grounds based on the legal materials to which he does not have access. (*See* ECF No. 1, Motion at 22.)

On or about November 7, 2014, Petitioner moved in the District Court for access to certain case-related materials, including those trade secrets, export-controlled defense technical data, and other propriety information underlying his conviction. In responding to Petitioner's motion, the government proposed the entry of a protective order governing Petitioner's access to such materials. (Crim. ECF. No. 165). The Court appointed stand-by counsel, Mr. Azzarello, who, with the government, attempted to negotiate a proposed protective order. On or about February 19, 2015, during a status conference, Petitioner refused to sign the proposed stipulated protective order. (Crim. ECF No. 176). However, during the status conference, over Petitioner's objections, the Court made factual findings regarding the reasonableness of the protective order's terms and signed the order. (Crim. ECF No. 177).

The protective order governed Petitioner's "receipt, access, and use of materials constituting 'technical data,'" defined as "Protected Material." The protective order required the government to provide the Protected Material to the correctional facility where Petitioner was housed and in turn required the correctional facility to secure the Protected Material. The Protective Order continued the appointment of Mr. Azzarello as stand by counsel to facilitate the receipt, access and use of the materials set forth in the Protective Order. The Protective Order contemplated that Petitioner and stand-by counsel could review the Protected Material in a secure location according to the regulations of the correctional facility and provided a procedure requiring Petitioner to send any documents containing protected materials to stand by counsel with a request that it be filed. Stand by counsel was required to confer with he government regarding whether the document should be filed under seal. The Protective Order did not prevent Petitioner from viewing the protected materials without stand-by counsel but required his notes based on review of the protected materials to be recorded and provided to an appropriate

custodian and to stand by-counsel. After the resolution of Petitioner's direct appeal, the custodian was to transfer the protected materials to the government. The Protective Order also outlined a procedure for exempting material from the protections of the Protective Order.

On or about September 8, 2015, the Third Circuit issued an Order to Show Cause directing Petitioner to show cause as to why his appeal should not be dismissed for failure to prosecute, and Petitioner filed a response. (See Third Cir. App. No. 13-1940). On or about December 31, 2015, the Third Circuit dismissed Petitioner's direct appeal for failure to prosecute. (*See* Crim. ECF No. 178.)

In or around May 2016, Petitioner filed a petition for a writ of certiorari to the Supreme Court of the United States. On or about October 3, 2016, that petition was denied, and on or about December 12, 2016, Petitioner's petition for rehearing was also denied.[3]

On May 18, 2017, Petitioner submitted a pro se motion to remove Mr. Azzarello as counsel, contending that he had not been in touch with Mr. Azzarello since February 2015 when the Protective Order was entered (Crim. ECF No. 179), and the Court granted his request. (*Id.* at Crim No. 180.)

On August 28, 2017, Petitioner petitioned for post-conviction relief under 28 U.S.C. § 2255, and the Motion was filed with the Clerk of the Court on or about October 3, 2017. *See Liu v. United States*, Civ. No. 17-7041 (SRC). (Civ. ECF No. 1.) In the Motion, Petitioner raises twenty-five grounds for relief. (*Id.* at 5-25.) Ground Twenty-Five states as follow: "Other Claims Unavailably [sic] Being Presented Herein" and an alleges that Petitioner has been illegally deprived of full access to his case-related materials and that it is impossible to assert additional claims due to this deprivation. (*See* ECF No. 1, at 25.) In Ground Twenty-Five and

---

[3] These dates and the disposition have been provided by Respondent.

his Motion for legal materials and equitable tolling (ECF No. 2), Petitioner appears to contend that his lack of access to his legal materials hinders his ability to assert additional, possible claims in his habeas petition and asks the Court to extend the protective order from his criminal case to the habeas proceeding.

In its Response, Respondent contends that "in or around February 2015, the government sent a secure laptop containing the Protected Material to FCI Oxford in Oxford, Wisconsin. In or around March 2015, Bureau of Prison records show that Petitioner arrived back at FCI Oxford following the February 19, 2015 status conference." (ECF No. 12, Opposition at 2.) Respondent further contends that in March 2016, the Bureau of Prisons returned the secure laptop to the government, and the hard drive containing the Protected Material was destroyed. Finally, the government contends that "[d]uring the entire time that the laptop was at FCI Oxford, Liu never requested to access the laptop containing the Protected Material nor actually reviewed the Protected Material." (*Id.*)

The government essentially contends that for a nine-month period while Petitioner's appeal was pending, Petitioner had access to the same legal materials to which he now requests access pursuant to the terms of the Protective Order. Because it appears that Petitioner did not review those materials, Respondent reasons that Petitioner has not shown that he was reasonably diligent, and that the Court should not provide him with a second chance to access the legal materials where previously he failed to take advantage of the access provided to him.

In his Motion, Petitioner asserts that there has been no communication between Petitioner and stand-by counsel since the hearing during which the Protective Order was entered. (*See* ECF No. 2 at ¶ 19.) Petitioner also contends in his Motion that he was unsure how to proceed under the terms of the Protective Order and received no response from standby counsel when he

attempted to reach him to discuss the Protective Order, and that he did not want to risk touching the government computer without assistance. (*See id.* at ¶ 20.) Thus, Petitioner does not appear to dispute the government's contention that he had access to the legal materials he now seeks but provides reasons why he failed to review the legal materials when he had access to them.

Nevertheless, Petitioner's requests to provide him with access to the legal materials under the terms of the Protective Order and provide him with equitable tolling for possible additional claims are both premature because he has not sufficiently described in his Motion or his moving brief <u>the specific claims</u> he would bring if he had full access to the legal materials under the terms of the Protective Order.[4] Instead, it appears that Petitioner seeks full access to the legal materials covered under the Protective Order so that he may attempt to discover possible additional claims.[5] That type of fishing expedition is not appropriate to a collateral proceeding brought pursuant to § 2255. Rule 2(b) of the Rules Governing § 2255 Proceedings expressly requires the movant to (1) specify all the grounds for relief available to the moving party, (2) state the facts supporting each ground, and (3) state the relief requested. (*Id.*)

For these reasons, the Court will deny the motion for legal materials and equitable tolling WITHOUT PREJUDICE and permit Petitioner to submit an Amended Motion within 45 days that specifies <u>all grounds for relief</u> that Petitioner wishes to bring in this proceeding, states the facts supporting each ground, and the relief requested. The Court will direct the Clerk of the

---

[4] The Third Circuit has adopted the Supreme Court's instruction that "equity permits extending the statutory time limit when a defendant shows that (1) 'he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013) (quoting *Holland v. Florida*, 516 U.S. 631 (2010).

[5] In his Reply, Petitioner also states that he wants full access to his legal materials in order to bolster and/or modify his current claims. But he provides what appears to be hypothetical examples and does not state which of his twenty-four claims require bolstering and/or amending.

Court to send Petitioner the form for use in § 2255 proceedings, AO 243 (modified): DNJ-Habeas-004(Rev.01-2014).

Together with his Amended Motion, Petitioner may also submit a new application for legal materials that explains <u>the specific materials</u> he requires to prove his claims. Finally, the Court is not opposed to appointing counsel, stand by or otherwise, to assist Petitioner with his collateral proceeding to the extent he has brought potentially meritorious claims and is unable to present these claims without the assistance of counsel. Petitioner may file a motion for the appointment of counsel, if he so wishes.

Finally, the Court will also deny Petitioner's motion for "reconsideration" of the Court's decision to grant Respondent an extension of time (ECF No. 11), as the granting of an extension of time lies within the Court's discretion.

**IT IS** on this 11th day of December, 2018,

**ORDERED** that Petitioner's request for a decision on his pending motions (ECF No. 17) is **GRANTED;** and it is further

**ORDERED** that the motion for legal materials and equitable tolling (ECF No. 2) is **DENIED WITHOUT PREJUDICE** for the reasons stated in this Memorandum and Order; and it is further

**ORDERED** that Petitioner may submit an Amended Motion within 45 days that specifies all grounds for relief that Petitioner wishes to bring in this proceeding, states the facts supporting each ground, and the relief requested; and it is further

**ORDERED** that the Clerk of the Court is directed to send Petitioner the form for use in § 2255 proceedings, AO 243 (modified): DNJ-Habeas-004(Rev.01-2014); and it is further

**ORDERED** that, together with his Amended Motion, Petitioner may submit a new application for legal materials that explains the specific materials he requires to prove his claims; and/or a motion for appointment of counsel; and it is further

**ORDERED** that Petitioner's motion for reconsideration of this Court's Order granting Respondent an extension of time (ECF No. 11) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Petitioner at the address on file.

                                                  s/Stanley R. Chesler
                                                  STANLEY R. CHESLER
                                                  United States District Judge